# United States District Court

## SOUTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**

V.

**NOLAN M. BRAND**

## CRIMINAL COMPLAINT

CASE NUMBER: 1:18-mj-00201

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.   On or about between February 7, 2018 and March 2, 2018, in Delaware County, in the Southern District of Indiana defendants did commit the offenses of

Attempted Coercion or Enticement of a Minor in violation of Title 18, United States Code, Section 2251(a)
AND

Contempt of Court, in violation of Title 18, United States Code, Section 401.

I further state that I am a Special Agent, and that this complaint is based on the following facts:

See attached Affidavit.

**Continued on the attached sheet and made a part hereof.**

_____
Andrew Willmann

**Sworn to before me, and subscribed in my presence**

March 3, 2018
**Date**

at   Indianapolis, Indiana

Mark J. Dinsmore, U.S. Magistrate Judge

_____
**Name and Title of Judicial Officer**

_____
**Signature of Judicial Officer**

## AFFIDAVIT IN SUPPORT OF ARREST WARRANT

I, ANDREW WILLMANN, hereby depose and state as follows:

1.    **Affiant**:   I am a Special Agent with the Federal Bureau of Investigation, and have been since June 2014.   I have taken classes related to cyber-criminal activity as well as classes related to the exploitation of children. I have also investigated numerous crimes against children since being assigned to the Indianapolis Field Office. I am currently assigned to the Indianapolis Violent Crimes Against Children Task Force.   I have completed five months of training at the FBI Academy in Quantico, Virginia, and attended the Dallas Crimes Against Children Conference.

2.    **Information provided**: The statements in this affidavit are based on information obtained from my observations and communications, as well as information learned from other law enforcement officers and witnesses. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, the affiant has not included each and every fact known to me concerning this investigation.   I have set forth only the facts that I believe are necessary to establish probable cause to believe that the person listed below has committed criminal offenses.

3.    **Requested action**:   I make this affidavit in support of an application for a Criminal Complaint and Arrest warrant for **Nolan BRAND (W/M xx-xx-1993)**, a resident of Muncie, Indiana, for offenses committed in the Southern District of Indiana.

a.   **Coercion and Enticement (18 USC 2422(b)):**   This statute provides that "Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life."   This statute incorporates both state and federal law in determining whether the underlying sexual activity is a criminal offense, including Indiana law prohibiting sexual misconduct with a minor (35-42-4-9).

b.   **Criminal Contempt::**   This investigation concerns alleged violations of **18 U.S.C. § 401**, which generally prohibits a person from knowingly engaging in conduct that constitutes disobedience or resistance to the Court's lawful writ, process, order, rule, decree, or command.

4.   **Probable Cause:**   For the reasons listed below, there is probable cause to believe that **Nolan BRAND (BRAND)** has committed these offenses:

a.   **COUNT ONE:** Between on or about February 7, 2018 and March 2, 2018, NOLAN BRAND, using the mail or any facility or means of interstate or foreign commerce, did knowingly attempt to persuade, induce, entice, and coerce, any individual who has not attained the age of 18 years, that is MINOR VICTIM 1, to engage in any sexual activity for which any person can be charged

with a criminal offense, including Sexual Misconduct with a Minor among other offenses, in violation of 18 U.S.C. 2422(b).

    b.    **COUNT TWO:**  Between on or about February 7, 2018 and March 2, 2018, NOLAN BRAND did knowingly engage in conduct that constitutes disobedience or resistance to the Court's lawful writ, process, order, rule, decree, or command.

    5.    **Definitions**:  The following definitions apply to this Affidavit and its Attachments:

    a.    The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

    b.    Sexual Misconduct with a Minor:  It is a violation of Indiana law for a person who is at least 21 years of age to perform or submit to sexual intercourse or other sexual conduct with a person who is at least 14 years of age but less than 16 years of age.  (Indiana Code 35-42-4-9(a)(1)).

    c.    The term "computer," as defined in 18 U.S.C. §1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

    d.    The term "Internet Service Providers" (ISPs), as used herein, are commercial organizations that are in business to provide individuals and businesses access to the Internet.  ISPs provide a range of functions

for their customers including access to the Internet, web hosting, email, remote storage, and co-location of computers and other communications equipment.

      e.    The term "Internet Protocol address" (IP address), as used herein, is a code made up of numbers separated by dots that identifies a particular computer on the Internet.   Every computer requires an IP address to connect to the Internet.   IP addresses can be dynamic, meaning that the ISP assigns a different unique number to a computer every time it accesses the Internet.   IP addresses might also be static, if an ISP assigns a user's computer a particular IP address which is used each time the computer accesses the Internet.

      f.    **Instagram**: is an online social media platform.   Users can interact through text posts, messages and the posting/sharing of digital images and videos.   Each Instagram account has an account name, which can be changed by the user.   Each Instagram account as a "Bio" section, which allows the user to post text or graphics.   The "Bio" section can also be changed or updated by the user.

## CASE SPECIFIC PROBABLE CAUSE

6.    NOLAN BRAND is a defendant, currently under Indictment by the Grand Jury of the Southern District of Indiana for Sexual Exploitation of a Child (18 USC § 2251(a)), Possession of Child Pornography (18 USC § 2252(a)(4)(B)) and Receipt of Child Pornography (18 USC §.2252(a)(2)).   The defendant was indicted on February 21, 2018.   BRAND was indicted on

allegations that he used MINOR VICTIM 1, a 15 year old child, for the purpose
of creating visual depictions of MINOR VICTIM 1 engaging in in sexually explicit
conduct in the fall of 2017. He is also alleged to have, in 2014, received
sexually explicit images of MINOR VICTIM 2 (Dkt. 17, 1:18-cr-0055-JMS-DML)

7. **Complaint and Pre-Trial Release Conditions:** On January 24,
2018, the Government filed a Complaint against defendant BRAND. BRAND
was arrested and brought before the Court for his initial hearing (Dkt. 2, 1:18-
mj-0071-DEJ).

    a. At the initial hearing, the Government requested that the
defendant be detained, as this offense for which the defendant was
arrested, Sexual Exploitation of a Child, is an offense for which there is a
presumption of detention (18 USC § 3142(e)(3)(E)).

    b. On February 7, 2018, the Court held a detention hearing,
both parties presented evidence, and the Court ordered the defendant to
be released (Id. at Dkt. 15).

    c. The Court imposed specific conditions of pre-trial release (Id.
at Dkt. 14), which included a prohibition on contact with any victim or
witness in the case (Id. at Dkt. 14, condition 7(g)). Further, the Court
specifically warned the defendant that he should not have any contact
with the alleged victims in the case, including contact through third
parties.

8. On March 2, 2018, Assistant United States Attorney Kristina
Korobov (Korobov) was contacted by a third party, indicating he had

information that NOLAN BRAND was in contact with an alleged victim in his case.

9.      On March 2, 2018, Witness 1 spoke with this affiant and relayed information about the alleged violation.   Witness 1's identity is known to law enforcement and Witness 1 has represented that he is an officer of the Court in another jurisdiction.   Witness 1 indicated that he had received information from a female relative (known in this affidavit as Witness 2 – identity also known to law enforcement) who was friends with a child known as MINOR VICTIM 1 (reference to Indictment and Criminal Complaint).

a.      Witness 1 received communications between MINOR VICTIM 1 and Witness 2.

b.      Witness 1 then forwarded those communications to this affiant through AUSA Korobov.

10.     This Affiant reviewed communications between Witness 2 and MINOR VICTIM 1, which included screen captures from Instagram and text messages.

a.      The text messages included communication between Witness 2 and a person believed to be MINOR VICTIM 1.   In those text messages, Witness 2 confronted MINOR VICTIM 1 about the Instagram Profile "Noah Bradley" and the identity of that profile as being Nolan Brand. MINOR VICTIM 1 does not deny that the profile belongs to Nolan Brand and asked Witness 2 if Witness 2 thought anyone would "tell" about the

communication between MINOR VICTIM 1 and Nolan Brand, aka "Noah Bradley."

      b.     The Instagram screen captures included information from the Instagram Profile for "Noah Bradley", aka "Noahgucci18", the Instagram Profile "sammy152018," and the Instagram Profile "sam.sam.sam__ ."

      c.     The information reflected in the screen captures as well as information provided by Witness 1 led this affiant to believe that MINOR VICTIM 1 and BRAND were communicating through Instagram.

11.    Based on this information, this affiant interviewed MINOR VICTIM 1 on March 2, 2018.   MINOR VICTIM 1 relayed the following information:

      a.     BRAND communicated with MINOR VICTIM 1 since his release from federal custody on or about February 7, 2018.

      b.     BRAND communicated with MINOR VICTIM 1 through Instagram.

      c.     BRAND requested that MINOR VICTIM 1 write him a letter and place it on the rear window of his vehicle.   MINOR VICTIM 1 did so and she, at the request of BRAND, brought the letter to BRAND's house (SUBJECT PREMISES).

      d.     BRAND was waiting for MINOR VICTIM 1 at his residence when she delivered the letter. BRAND communicated in person with MINOR VICTIM 1.   BRAND showed MINOR VICTIM 1 a dog that he bought, which is something that BRAND and MINOR VICTIM 1 discussed

when they were dating. It is believed that the date of the meeting was February 23, 2018.

e.      This affiant has seen a copy of the letter that BRAND requested from MINOR VICTIM 1.   In the letter, MINOR VICTIM 1 referenced the Instagram account that BRAND was using to communicate with MINOR VICTIM 1.

f.      MINOR VICTIM 1 disclosed that she and BRAND planned to meet on the night of the interview, March 2, 2018, at his residence at 11 PM.

g.      This Affiant had viewed Instagram posing from MINOR VICTIM 1's account and BRAND's account.   The "bio" section of each account showed communication between the 2 accounts, referencing the planned visit for March 2, 2018.

h.      At the time of the interview with MINOR VICTIM 1, she showed this affiant the Instagram account for BRAND, the "Noah Bradley," aka "noahgucci18" account.   The current bio section of that account simply read "11."

i.      To prove that MINOR VICTIM 1 and BRAND were communicating through the Instagram Bio section, this affiant, with the permission of MINOR VICTIM 1 and her mother, did post the following in the Instagram bio section of MINOR VICTIM 1's account at approximately 10:21 pm: "I can't make it. I'm so sorry (crossed fingers emoji) (heart emoji)".   In response, the "Noah Bradley," aka "noahgucci18" account

changed his bio to read "What??? Why!???? I was looking forward to it all week! Can it be later?"

j.      In the interview with MINOR VICTIM 1, she disclosed that the last time that BRAND had sexual contact with her was *after* he was arrested by Delaware County authorities in December of 2017, during their investigation of his sexual contact with her.   BRAND had been released on bond in that case, prior to the federal complaint.

k.      MINOR VICTIM 1 believed that if she followed through with the meeting on March 2, 2018 at 11pm, BRAND would attempt to have sex with her, based on the content of his Instagram communication with her.

l.      MINOR VICTIM 1 indicated that one of the reasons that she continued communication with BRAND was because she feared that he would kill himself if she stopped and because whenever Brand did not get what he wanted from MINOR VICTIM 1, he would make her feel like everything was her fault.

12.    Based on the information received from MINOR VICTIM 1 as well as the screen captures of text messages between MINOR VICTIM 1 and WITNESS 2 and the screen captures of Instagram communications between MINOR VICTIM 1'S ACCOUNT and BRAND, this affiant believes that BRAND has been using the internet and some kind of digital device to violate the Court's February 7, 2018 Pre-Trial Release Order.

13.    This Affiant further believes that BRAND's use of the Internet to communicate with MINOR VICTIM 1 through Instagram was done in an attempt to get MINOR VICTIM 1 to engage in sexual contact with him, which would violate Indiana law prohibiting Sexual Misconduct with a Minor, as MINOR VICTIM 1 is a child who is less than 16 years old but at least 14 years old and Brand is more than 21 years of age.   In the early morning hours of March 3, 2018, Brand, as "Noahgucci18" was referring to MINOR VICTIM 1 as his "baby momma." On March 2, 2018, "Noahgucci18" asked MINOR VICTIM 1 is she would be able to meet him on Saturday, March 3, 2018 and he included an eggplant emoji, which this affiant knows is often used in online and text message conversations to represent male genitalia or as a sexual innuendo.

14.    As recently as the morning on March 3, 2018, BRAND posted a message through his Instagram account's "bio" section that read "I am still in love with you and want to marry you, yes.   And Why not?   Thiss'll be my last msg. ily (I love you) and need you for the rest of my life."